UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

IN RE:  Case No. 21-40553-tjt
Chapter 13
Judge Thomas J. Tucker

GERARD N MARTI
Debtor.

## CREDITOR'S TO DISMISS FOR EXCEEDING DEBT LIMIT PURSUANT TO 11 U.S.C. § 109(e)

Chapter 13 Creditor, MICHAEL BOJKOVIC ("Bojkovic" or "Creditor"), requests that this Court dismiss this Chapter 13 case, pursuant to Fed. R. Bankr.P. 1017, because the Debtor's unsecured debts exceed the $419, 275 statutory debt limits for filing, pursuant to 11 U.S.C. **§** 109(e) and 11 U.S.C. **§** 1307.  Debtor also made several misrepresentations of fact in his Petition.  Creditor states further as follows:

1. Debtor Gerard Marti ("Debtor" or "Marti") filed for Chapter 13 protection on January 22, 2021.

2. No schedules are attached to the Petition, not even a list of creditors.

3. The Petition was filed only minutes after Creditor Bojkovic also successfully entered a default against Debtor's business for failure to respond to a non-periodic garnishment in Bojkovic's collection case in Oakland County Circuit

Court (Case No. 2020-183197-CZ, Hon. Phyllis C. McMillen)("Collection Case.").

4. Bojkovic was also preparing to file a motion for show cause in the Collection Case because of Debtor's failure to produce documentation in response to discovery.

5. Thus, clearly the Petition was filed with the intention of stopping any further collection on Bojkovic's part and is an abuse of this court's process.

**Debtor's Misrepresentations**

6. Debtor makes the following false assertions in his Petition as follows:

    a. In answer to paragraph 9 of the Petition (page 3 of 12) Marti asserted that he has not filed for bankruptcy within the last 8 years -- in fact he filed in 2017 for Chapter 7 protection (Case 17-55891-tjt.)(2017 Petition & Schedules, Exhibit A);

    b. In answer to paragraph 20 of the Petition (page 6 of 12) Marti asserted that the estimated liabilities were between 0 and $50,000 – in fact his debts total over $420,000 -- two of his still unpaid undisputed non-contingent debts are unpaid judgments of Creditors Michael Bojkovic ($75,000, p. 25 of 54) and Deborah Barnes ($230,000 – p. 22 of 54) – both exceed $50,000 each.

7. Debtor signed his current petition on January 22, 2021, certifying "under penalty of perjury that the information provided is true and correct." (Petition,

p. 6 of 12). Curiously, Debtor attended credit counseling on January 6, 2021, but waited until right after the default was entered against his business entity.

8. Mr. Kwiatkowski knew the above-referenced assertions made in the Petition are false because Mr. Kwiatkowski represented Mr. Marti in the 2017 bankruptcy, and therefore knew that it had been filed in 2017 and that the debts listed therein (and still owing) exceeded and still exceed $50,000. Mr. Kwiatkowski also specifically knows about the Bojkovic judgment because he has also been defending Mr. Marti in the Collection Case.

9. The April 24, 2018 stipulated order waiving discharge, which closed the 2017 bankruptcy, was likewise signed by Marti and by Mr. Kwiatkowski as his attorney. (2018 Stipulated Dismissal, **Exhibit B**).

10. Based on these misrepresentations alone, Debtor's Petition should be dismissed.

## Debts Exceed $419,275 Chapter 13 Debt Limit

11. Even at the time of the 2017 bankruptcy dismissal, the non-contingent, liquidated, unsecured debt listed by Marti on his bankruptcy Schedules E/F totaled **$ 453,959** (of the total unsecured debt of $689,340.02). (Exhibit A, p. 29 of 54), including:

a. Cach. LLC -- $70,258 (Exhibit A, p. 20 of 54);

b. Cach, LLC -- $6,165 (Exhibit A, p. 20 of 54);5 ;

c. Chase -- $17,478 (Exhibit A, p. 21);

d. Deborah Barnes balance $230,000 (Exhibit A, p. 21);

e. Department Stores National Bank (Macy's) $338.00 (Exhibit A, p. 22);

f. Department Stores National Bank (Macy's) $1174.00 (Exhibit A, p. 22);

g. Kihei Maui Self Storage -- $2,724.68 (Exhibit A, p. 23);

h. Levin & Hu, LLP -- $8,448.00 (Exhibit A, p. 24);

i. Michael Bojkovic – 75,000 (Exhibit A, p. 25);

j. Midland Funding -- $361.00 (Exhibit A, p. 25);

k. Midland Funding -- $530.00 (Exhibit A, p. 26);

l. Peterson Johnson & Murray SC -- $7,898.00 (Exhibit A, p. 22);

m. SW Credit systems, LP -- $70.00 (Exhibit A, p. 27);

n. Von Briesen law firm -- $12,399 (Exhibit A, p. 28);

12. Three years later, interest on the unpaid judgment of Bojkovic alone has raised the total now owing to Bojkovic to $145,373.73.

13. Deborah Barnes judgment current balance is $251,115.75;

14. Accordingly, the other debts of Marti are likewise expected now to be similarly increased and incurred additional debts.

15. Further, Debtor admitted at his 2004 examination, taken March 23, 2018, that he owed his ex-wife $1 million, as part of his divorce settlement. (2004 Creditors' Exam Transcript, **Exhibit C**, p. 121 line 5; and p. 148, line 1).

16. Accordingly, pursuant to Fed. R. Bankr.P. 1017 and 11 U.S.C. §1307, this Chapter 13 case must be dismissed because the debtor's unsecured debts exceed the $419, 275 statutory debt limits for filing, pursuant to 11 U.S.C. §109(e).

17. Concurrence from Debtor's counsel was sought and not obtained.

WHEREFORE, Creditor MICHAEL BOJKOVIC requests that this Honorable Court

A. Grant Creditor's Motion To Dismiss pursuant to 11 USC § 109 and 11 U.S.C. § 1307 and for all other relief as is just and equitable;

B. DISMISS Debtor's Chapter 13 Petition with prejudice and bar any filing for two years; and

C. RETAIN JURISDICTION to assess sanctions against Debtor and his attorney, Mr. Kwiatkowski.

        Respectfully submitted,

        ABRAMSON LAW OFFICES, PLLC

        By: /s/ Jay A. Abramson
        JAY A. ABRAMSON (P37216)
        Attorney for Alisa A. Peskin-Shepherd, PLLC
        4700 Lockhart Street
        West Bloomfield, MI 48323
        (248) 706-1700
        jay@abramsonlawoffices.com

January 29, 2021

# Exhibit 1

# Proposed Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

IN RE:                                                    Case No. 21-40553-tjt
                                                         Chapter 13
                                                         Judge Thomas J. Tucker

GERARD N MARTI
    Debtor.

## ORDER GRANTING CREDITOR'S MOTION TO DISMISS FOR EXCEEDING DEBT LIMIT PURSUANT TO 11 U.S.C. § 109(e)

This Matter having come before this Honorable Court based upon the request of Chapter 13 Creditor, MICHAEL BOJKOVIC ("Creditor") that this Court dismiss this Chapter 13 case, pursuant to Fed. R. Bankr.P. 1017(e), because the debtor's unsecured debts exceed the $419, 275 statutory debt limits for filing, pursuant to 11 U.S.C. § 109(e) and 11 U.S.C. § 1307. (the "Motion") and notice and the opportunity for a hearing was appropriate under the particular circumstances and consideration of the arguments of the parties and after due deliberation and sufficient cause being found to grant the Motion;

NOW THEREFORE, it is hereby ordered that the Chapter 13 Creditor MICHAEL BOJKOVIC's Motion to Dismiss, pursuant to Fed. R. Bankr.P. 1017(e) and 11 U.S.C. § 1307, is GRANTED.

IT IS FURTHER ORDERED that the Debtor Gerard N Marti is banned from refiling any bankruptcy for two (2) years and the case is dismissed with prejudice.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to in order to assess sanctions against Debtor and his attorney, Mr. Kwiatkowski.
.

_____
Hon. Thomas J. Tucker

# Exhibit 2

# Notice of Motion and Opportunity to Object

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

IN RE:
        Case No. 21-40553-tjt
        Chapter 13
        Judge Thomas J. Tucker

GERARD N MARTI
  Debtor.

### NOTICE OF CREDITOR'S MOTION TO DISMISS FOR EXCEEDING DEBT LIMIT PURSUANT 11 U.S.C. § 109(e)

Creditor MICHAEL BOJKOVIC has filed papers with the court to Dismiss for Exceeding Debt Limit, pursuant to 11 U.S.C. § 109(e)

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to [relief sought in a motion or objection], or if you want the court to consider your views on the [motion] [objection], within fourteen (14) days, you or your attorney must:

1.     File with the court a written response or an answer, explaining your position at:[1]

        **United States Bankruptcy Court**
        211 Fort Street
        Detroit, MI 48226

    If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

You must also send a copy to:

Jay Abramson, Abramson Law Offices, PLLC, 4700 Lockhart Street, West Bloomfield, MI 48323. (248-706-1700); and

Tammy L. Terry, Chapter 13 Trustee, 535 Griswold Suite 2100, Detroit, MI 48226. (313) 967-9857 (phone)

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

ABRAMSON LAW OFFICES, PLLC

/s/ Jay A. Abramson
Jay A. Abramson (P37216)
4700 Lockhart
West Bloomfield, MI 48323
(248) 706-1700
jay@abramsonlawoffices.com

# Exhibit 3

# Brief

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

IN RE:  Case No. 21-40553-tjt
Chapter 13
Judge Thomas J. Tucker

GERARD N MARTI
Debtor.

---

### BRIEF IN SUPPORT OF CREDITOR'S TO DISMISS
### FOR EXCEEDING DEBT LIMIT PURSUANT TO 11 U.S.C. § 109(e)

Chapter 13 Creditor, MICHAEL BOJKOVIC ("Creditor"), requests that this Court dismiss this Chapter 13 case, pursuant to Fed. R. Bankr.P. 1017, because the debtor's unsecured debts exceed the $419, 275 statutory debt limits for filing, pursuant to 11 U.S.C. §109(e) and 11 U.S.C. §1307. Debtor also made several misrepresentations of fact in his Petition.

### LEGAL ARGUMENT

Pursuant to 11 USC 109(e), a debtor may only file a petition for Chapter 13 protection if his "noncontingent, liquidated, unsecured debts" total "less than $419,275…" Fed. R. Bankr.P. 1017 and 11 U.S.C. **§**1307(c) both permit this Court to dismiss a Chapter 13 case if, where here, it has been filed in violation of this debt limit, and where such Petition is being used solely as a stall tactic to stop collection from proceeding in circuit court.

WHEREFORE, Creditor Bojkovich requests that this Honorable Court

A. Grant Motion To Dismiss 11 USC § 109 and 11 U.S.C. **§**1307 and for all other relief as is just and equitable;

B. DISMISS Debtor's Chapter 13 Petition with prejudice and bar any filing for two years; and

C. RETAIN JURISDICTION to assess sanctions against Debtor and his attorney, Mr. Kwiatkowski.

Respectfully submitted,

ABRAMSON LAW OFFICES, PLLC

By: /s/ Jay A. Abramson
JAY A. ABRAMSON (P37216)
Attorney for Creditor Michael Bojkovic
4700 Lockhart Street
West Bloomfield, MI 48323
(248) 706-1700
jay@abramsonlawoffices.com

January 29, 2021

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

IN RE:                                                            Case No. 21-40553-tjt
                                                                         Chapter 13
                                                                        Judge Thomas J. Tucker

           GERARD N MARTI
               Debtor.

_____

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on January 29, 2021, I served Creditor Michael Bojkovic's MOTION TO DISMISS FOR EXCEEDING DEBT LIMIT pursuant to 11 U.S.C. § 109(e) upon all parties of record utilizing the Court's electronic filing system to debtors' attorney and the Chapter 13 Trustee and/or a copy of same was deposited in the U.S. Mail to the debtors at the address below:

| | |
|---|---|
| Office Of The U.S. Trustee<br>211 W Fort Street Suite 700<br>Detroit MI 48226 | Mr. Gerard N. Marti<br>107 Townsend St.<br>Birmingham, MI 48009 |
| Tammy L. Terry<br>Chapter 13 Trustee<br>535 Griswold Suite 2100<br>Detroit, MI 48226<br>mieb_ecfadmin@det13.net | Scott M. Kwiatkowski P67871<br>Goldstein Bershad & Fried PC<br>4000 Town Ctr Ste 1200<br>Southfield, MI 48075-1413<br>scott@bk-lawyer.net |

ABRAMSON LAW OFFICES, PLLC

/s/ Jay A. Abramson
Jay A. Abramson (P37216)
4700 Lockhart
West Bloomfield, MI 48323
(248) 706-1700
jay@abramsonlawoffices.com

January 29, 2021